## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**WILFREDO ORTIZ,**                  :
    **Plaintiff**            :
                    :   **No. 1:23-cv-00264**
    **v.**                  :
                    :   **(Judge Rambo)**
**OFFICER CICCHITELLO,**             :
    **Defendants**           :

## MEMORANDUM

Plaintiff Wilfredo Ortiz initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by three officials at the State Correctional Institution, Huntingdon (SCI Huntingdon).  Because Ortiz does not state a plausible claim for relief against any defendant, the Court must dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

## I.    BACKGROUND

Ortiz avers that, on July 2, 2022, while incarcerated at SCI Huntingdon, defendant Corrections Officer Cicchitello called him a "dumb Mexican."  (Doc. No. 1 at 2.)  Ortiz claims that Cicchitello has been "harassing [him] for a while" and does not make such comments to white inmates.  (*Id.* at 2-3.)  He additionally alleges that defendant Unit Manager Ralston retaliated against him for filing grievances by

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

taking away his phone and "yard" access for three days. (*Id.* at 3.) It is unclear from Ortiz's abbreviated complaint whether the alleged retaliatory conduct by Ralston was in response to a grievance related to Cicchitello's alleged verbal harassment. However, Ortiz included a copy of what looks to be a grievance appeal in which he complains of Cicchitello's "unprofessional" actions, (*see id.* at 4), so the Court presumes that Ortiz's claims of harassment and retaliation are related. Ortiz also appears to allege that Cicchitello retaliated against him for filing the instant lawsuit. (*See id.* at 3.)

As best the Court can ascertain, Ortiz appears to be asserting Section 1983 claims of equal protection and retaliation.[2] He names as defendants Cicchitello, Ralston, and SCI Huntingdon superintendent "J. Rivello." (*Id.* at 1, 2.)

## II.    STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner

---

[2] Ortiz also references the Eighth Amendment, (*see* Doc. No. 1 at 3), but his allegations do not implicate any type of Eighth Amendment claim.

2

complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step

one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations— which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Ortiz proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Ortiz, is incarcerated.  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.  DISCUSSION

As stated above, it appears that Ortiz is attempting to assert Section 1983 claims sounding in equal protection and retaliation.  There are multiple deficiencies with Ortiz's claims, which the Court will discuss in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. *Id.* (quoting *Rode*, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Ortiz's complaint is completely silent as to superintendent Rivello.  In fact, this defendant's name appears only in the caption and defendant-identification section of the form complaint.  To the extent that Ortiz may be intimating that Rivello was part of the grievance review process, involvement in the review and denial of an inmate's grievance does not implicate Section 1983 liability, as explained above.  Accordingly, any Section 1983 claim against Rivello must be dismissed for lack of personal involvement.

**B.    Equal Protection**

Ortiz attempts to bring a Fourteenth Amendment equal protection claim against Cicchitello for treating him differently than white inmates through verbal harassment and a racist remark.   Generally, however, conduct like verbal harassment, taunting, and use of profanity, without any injury or threat thereof, is insufficient to implicate a constitutional infringement under either the Eighth or Fourteenth Amendment. *See Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (explaining that "verbal harassment does not give rise to a constitutional violation enforceable under § 1983"); *see also Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) (collecting cases); *Manning v. Flock*, No. 1:11-cv-0293, 2012 WL 1078227, at *12 (M.D. Pa. Mar. 30, 2012) (collecting cases); *Graham v. Main*, No. 10-cv-5027(SRC), 2011 WL 2412998, at *24-25 (D.N.J. June 9, 2011) ("Allegations of verbal abuse or threats, unaccompanied by

injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner.") (collecting cases); *Mohamed v. Aviles*, No. 06-cv-4794 (FSH), 2007 WL 923506, at *5 (D.N.J. Mar. 26, 2007) (collecting cases).

Ortiz does not allege any accompanying violation or mistreatment that may permit an equal protection claim. *See Graham*, 2011 WL 2412998, at *25. He simply complains of "harassment" and a racially derogatory remark, which, although "unprofessional and inexcusable," do not implicate a constitutional infringement. *See, e.g.*, *Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (nonprecedential); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). Thus, while the Court in no way condones the alleged unprofessional conduct of Cicchitello, such verbal harassment (even with racist overtones) has repeatedly been held not to amount to a constitutional violation. Accordingly, the Court must dismiss the Section 1983 equal protection claim against Cicchitello under Section 1915A(b)(1) for failure to state a claim for relief.

## C.    Retaliation

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system." *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman*

*v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)). To state a First Amendment retaliation claim, a plaintiff must plausibly plead that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action. *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

Ortiz claims that he was retaliated against by prison officials, but his complaint is unclear about the nature of that retaliation. In one section he avers that Ralston retaliated against him for filing grievances by withholding his phone and yard privileges for three days, (*see* Doc. No. 1 at 3), while in a different section he states that Cicchitello "violated [his] First Amendment right not be retaliated ag[a]inst for filing this lawsuit[]" through "on going [sic] harrassment [sic]," (*see id.*) Neither retaliation claim is mentioned in the attached grievance appeal.

The main problem with Ortiz's pleading is that he has not identified an adverse action sufficient to deter an ordinary person from exercising his First Amendment rights—the second element of a retaliation claim. For example, occasionally being denied yard access does not rise above the "de minimis" level to establish an adverse action. *See Burgos v. Canino*, 358 F. App'x 302, 307 (3d Cir.

2009) (nonprecedential); *Fatir v. Russell*, No. 18-cv-933, 2023 WL 315613, at *4 (D. Del. Jan. 19, 2023); *Nifas v. Coleman*, No. 10-cv-1486, 2012 WL 707063, at *13 & n.4 (W.D. Pa. Feb. 9, 2012) (remarking that denial of yard for two months was likely not sufficiently adverse action).  Nor do verbal threats and harassment.  *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (nonprecedential); *Burgos*, 358 F. App'x at 306 ("[T]hreats alone do not constitute retaliation . . . the claim relating to the threat failed."); *Snider v. Alvarez*, No. 18-cv-801, 2020 WL 6395499, at *17 & n.166 (M.D. Pa. Nov. 2, 2022) (collecting cases); *Cooper v. Sherman*, No. 17-cv-2064, 2019 WL 2408973, at *7 (M.D. Pa. June 7, 2019) ("It is well settled, however, that verbal threats or verbal harassment . . . do not constitute adverse action for purposes of establishing a First Amendment retaliation claim."); *Bartelli v. Lewis*, No. 04-cv-908, 2005 WL 2406048, at *2 (M.D. Pa. Sept. 29, 2005) ("[V]erbal threats do not constitute an 'adverse action' and, therefore, do not fulfill a requisite element of a retaliation claim[.]").  Moreover, "isolated or sporadic denial of privileges," like Ortiz's three-day suspension of phone privileges, does not sufficiently state an adverse action.  *See Coit v. Grohowski*, No. 1:20-cv-1075, 2021 WL 4033116, at *6 (M.D. Pa. Sept. 3, 2021) (citing *Lunney v. Brureton*, No. 04-cv-2438, 2007 WL 1544629, at *21 (S.D.N.Y. May 29, 2007)).

Furthermore, the Court observes that Ortiz's retaliation claim against Cicchitello is illogical.  Ortiz asserts that Cicchitello is retaliating against him for the

very lawsuit he has filed in which he alleges retaliation.  Ortiz's complaint, however, has not been served on any defendant.  So, unless Cicchitello somehow received advanced notice that Ortiz was planning to file a civil rights lawsuit and began retaliating against Ortiz before the instant complaint was drafted and filed (which is both unlikely and not alleged), it is impossible for Ortiz's current lawsuit—the purported protected conduct—to be the *cause* of that alleged retaliation.  Thus, Ortiz has also failed to plead causation—the third element—for his retaliation claim against Cicchitello.

### D.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."  *Grayson*, 293 F.3d at 114.  Because it is conceivable that Ortiz could cure some of his pleading deficiencies, the Court will allow him to file an amended complaint.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss Ortiz's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Leave to amend will be granted.  An appropriate Order follows.

<br>

s/ Sylvia H. Rambo
Dated: April 21, 2023                        United States District Judge