IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILFREDO ORTIZ,  Plaintiff | : : : | |
| v. | : : | No. 1:23-cv-00264 |
| OFFICER CICCHITELLO, *et al.*,  Defendants | : : : | (Judge Rambo) |

## MEMORANDUM

Plaintiff Wilfredo Ortiz initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by officials at the State Correctional Institution, Huntingdon (SCI Huntingdon). Ortiz's initial complaint was dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim but he was granted leave to amend. Ortiz has filed an amended complaint, but that complaint suffers from the same deficiencies and must also be dismissed.

**I.   BACKGROUND**

In Ortiz's original complaint, he averred that defendant Corrections Officer Cicchitello called him a "dumb Mexican" on July 2, 2022, when Ortiz was attempting to get medical attention. (Doc. No. 1 at 2.) Ortiz claimed that Cicchitello has been "harassing [him] for a while" and does not make such comments to white

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

inmates. (*Id.* at 2-3.) Ortiz alleged that he was "being treated differently from other similarly situated [inmates] because [he] speak[s] Spanish." (*Id.* at 3.) He additionally alleged that defendant Unit Manager Ralston retaliated against him for filing grievances related to the harassment by taking away Ortiz's phone and "yard" access for three days. (*Id.*) Ortiz sued Cicchitello, Ralston, and SCI Huntingdon superintendent J. Rivello. (*Id.* at 1, 2.)

The Court construed Ortiz's complaint to be asserting Section 1983 claims sounding in equal protection and retaliation.[2] (*See* Doc. No. 10 at 2, 4.) The Court first noted that, as to Rivello, Ortiz had failed to plead personal involvement in any alleged constitutional violation. (*Id.* at 5-6.) The Court then analyzed Ortiz's equal protection claim, finding that conduct like Cicchitello's—although "unprofessional and inexcusable"—did not implicate a constitutional infringement under the Eighth or Fourteenth Amendment. (*Id.* at 6-7.) As to the retaliation claim, the Court found that Ortiz had failed to identify an adverse action sufficient to deter an ordinary person from exercising his First Amendment rights. (*Id.* at 7-9.)

The Court additionally noted that Ortiz's retaliation claim against Cicchitello failed to show causation, as Ortiz appeared to be claiming that Cicchitello was retaliating against him for filing the instant lawsuit in which he was suing for

---

[2] Ortiz also referenced the Eighth Amendment, (*see* Doc. No. 1 at 3), but his allegations did not implicate any type of Eighth Amendment claim.

retaliation. (*Id.* at 9-10.) The Court explained that "unless Cicchitello somehow received advanced notice that Ortiz was planning to file a civil rights lawsuit and began retaliating against Ortiz before the instant complaint was drafted and filed (which is both unlikely and not alleged), it is impossible for Ortiz's current lawsuit—the purported protected conduct—to be the cause of [Cicchitello's] alleged retaliation." (*Id.* at 10.)

Accordingly, the complaint was dismissed but leave to amend was granted. (*See id.*) Ortiz timely filed an amended complaint, (*see generally* Doc. No. 12), which also must be screened under Section 1915A(a).

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x

157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—

which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Ortiz proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Ortiz, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Ortiz's amended complaint is very brief, spanning only one page. It is unclear whether he intends for his amended complaint to be the sole operative pleading, or whether he is attempting to build on his original complaint. Ortiz, however, does not expressly incorporate or adopt his earlier pleadings in his amended complaint. *See West Run Student Hous. Assocs., v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("[T]he amended complaint supersedes the original and renders it of

no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." (alteration in original) (citation omitted)).  In the event that Ortiz is attempting to incorporate his original complaint and provide additional facts in his amended pleading, he still fails to state a plausible claim for relief.

### A.     Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).  Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity.  *Id.* (quoting *Rode*, 845 F.2d at 1207).  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x

6

923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

As noted in this Court's prior dismissal, Ortiz's complaint is completely silent as to superintendent Rivello, whose name appears only in the caption and defendant-identification section of the form complaint. Ortiz's amended complaint does not allege any personal involvement by Rivello, either. To the extent that Ortiz may be implying that Rivello was part of the grievance review process, involvement in the review and denial of an inmate's grievance does not implicate Section 1983 liability. Accordingly, any Section 1983 claim against Rivello must be dismissed for lack of personal involvement. Dismissal will be with prejudice, as Ortiz has failed to cure this deficiency even with previous amendments allowed.

### B. Eighth and Fourteenth Amendment Claims

Ortiz's original complaint appeared to raise a Fourteenth Amendment equal protection claim based on Cicchitello's discriminatory verbal harassment. It seems that Ortiz is also trying to assert an Eighth Amendment claim. (*See* Doc. No. 1 at 3 (citing "Eighth Amendment"); Doc. No. 12 at 3 ¶ 6 (claiming that Cicchitello's discriminatory conduct "amounts to Cruel and Unusual punishment, a violation of plaintiff's 8th Amendment rights")).

Generally, however, conduct like verbal harassment, taunting, and use of profanity, without any injury or threat thereof, is insufficient to implicate a constitutional infringement under either the Eighth or Fourteenth Amendment. *See Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (explaining that "verbal harassment does not give rise to a constitutional violation enforceable under § 1983"); *see also Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) (collecting cases); *Manning v. Flock*, No. 1:11-cv-0293, 2012 WL 1078227, at *12 (M.D. Pa. Mar. 30, 2012) (collecting cases); *Graham v. Main*, No. 10-cv-5027(SRC), 2011 WL 2412998, at *24-25 (D.N.J. June 9, 2011) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner.") (collecting cases); *Mohamed v. Aviles*, No. 06-cv-4794 (FSH), 2007 WL 923506, at *5 (D.N.J. Mar. 26, 2007) (collecting cases).

Ortiz does not allege any accompanying violation or mistreatment that may permit an equal protection claim. *See Graham*, 2011 WL 2412998, at *25. He simply complains of "harassment" and a racially derogatory remark, which, although "unprofessional and inexcusable," do not implicate a constitutional infringement. *See, e.g.*, *Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (nonprecedential); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). Thus, while the Court in no way condones the alleged unprofessional conduct of Cicchitello, such verbal

8

harassment (even with racist overtones) has repeatedly been held not to amount to a constitutional violation under the Eighth or Fourteenth Amendment.

Ortiz's amended complaint adds more details about the July 2, 2022 incident but it does not cure the fundamental deficiencies in this claim. Ortiz alleges that, on the day in question, he was attempting to get a dosage change in his pain medication. (*See* Doc. No. 12 at 2 ¶ 3.) Reading Ortiz's original and amended complaints together, it appears that Cicchitello made a racially derogatory remark to Ortiz at the medication line window, calling him a "dumb Mexican" or a "dumb-ass Mexican," possibly because Cicchitello believed that Ortiz was trying to submit a sick-call slip and was at the wrong window or in the wrong line. (*See* Doc. No. 1 at 2-3; Doc. No. 12 at 2 ¶ 4.) Ortiz appears to assert that, due to Cicchitello's racial hostility, he was unable to receive his "psych meds" or pain medication that day. (*See* Doc. No. 12 at 2 ¶¶ 3, 5.) Ortiz, however, has failed to plead or show how he was prevented from getting medication by Cicchitello's racist remark, or how such conduct violated his constitutional rights.

Again, while Cicchitello's alleged remarks were unprofessional and offensive, federal courts time and again have held that such comments do not amount to a *constitutional* violation. Accordingly, the Court must dismiss Ortiz's Eighth and Fourteenth Amendment claims against Cicchitello pursuant to Section 1915A(b)(1) for failure to state a claim.

9

### C. First Amendment Retaliation

Ortiz's retaliation claim in his original complaint was dismissed primarily because he failed to identify an adverse action taken against him. His amended complaint does not address or cure this deficiency. The only reference to retaliation in Ortiz's amended complaint states that another inmate—Rafael Rojas—was "sanctioned" with denial of phone privileges and "cell restriction" for his attempt to aid Ortiz as a witness. (Doc. No. 12 at 2 ¶ 4.) Ortiz's amended complaint does not identify a sufficiently adverse action (or any adverse action, for that matter) taken against him for his protected conduct. Thus, for the same reasons contained in this Court's prior dismissal, (*see* Doc. No. 10 at 7-10), Ortiz's First Amendment retaliation claims must be dismissed pursuant to Section 1915A(b)(1).

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Ortiz has already been granted leave to amend once. Further leave to amend will be denied because Ortiz has failed to cure the deficiencies with his complaint even after "amendments previously allowed." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir.

2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Ortiz's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal will be with prejudice, as further leave to amend would be futile. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: July 27, 2023

11